IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RONALD MARMOLEJO**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 11 C 1844 |
| v. | ) |
| | ) Magistrate Judge |
| **MICHAEL J. ASTRUE**, | ) Martin Ashman |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Marmolejo ("Marmolejo") seeks judicial review of a final decision of Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. Before this Court is Plaintiff's Motion for Summary Judgment. Also before the Court is the Commissioner's Motion for Reversal and Remand. The parties have consented to have this Court conduct any and all proceedings in this case, including entry of final judgment. 28 U.S.C. § 636(e); N.D. Ill. R. 73.1(c).

Marmolejo filed his application for benefits on July 14, 2006, claiming that he had become disabled beginning June 1, 1997. His primary complaints appear to have concerned problems with his feet and various psychiatric issues. The claim was denied initially on September 21, 2006, and again on reconsideration on November 1, 2006. Marmolejo requested a hearing, and one was held on January 12, 2009 in Oak Brook, Illinois before Administrative Law Judge ("ALJ") Steven Templin. The ALJ issued a written decision denying benefits on

February 3, 2009. Marmolejo appealed, and the Appeals Council denied his request on February 3, 2011, making the ALJ's decision the Commissioner's final decision. Marmolejo subsequently brought this action on March 16, 2011.

Marmolejo contends that the ALJ erred by failing to assess his credibility, did not consider whether alcohol use contributed to his psychiatric problems, and ignored important evidence concerning his ability to behave appropriately in a structured setting. The Commissioner agrees with Marmolejo that substantial evidence does not support the ALJ's decision, and that it should be reversed and remanded for further consideration.

The Court has reviewed the ALJ's decision and agrees with both parties that it is deficient as it currently stands. The oversights include, but are not necessarily limited to, the following. The ALJ failed to assess Marmolejo's credibility, and he gave no reason why such an assessment was not necessary. *See* SSR 96-7p. It is not clear whether or not the ALJ applied the "special technique" required for determining the severity of mental disorders, but he did not explain how such an assessment affected the residual functional capacity ("RFC") he constructed for Marmolejo. *See* 404 C.F.R. § 404.1520a; SSR 96-8p. The RFC itself complies with few of the requirements set forth in SSR 96-8p and fails, *inter alia*, to include a proper narrative account of how the record supports the findings included in the RFC. An appropriate consideration of alcohol abuse is largely absent. *See* 20 C.F.R. § 416.935. The ALJ also failed to assign any weight to the opinions of various medical experts he relied on to reach his decision.

For these reasons, the Court agrees with both parties that substantial evidence does not support the ALJ's decision, and that this case should be reversed and remanded for further consideration. The parties disagree, however, on the period of time the ALJ should consider on

...

...

...

remand. The Commissioner informs the Court that Marmolejo filed another application for SSI on March 23, 2009, and that he recently received a favorable decision finding him disabled beginning on that date. Marmolejo asks the Court to order the Commissioner to consider only the period from his alleged onset date of June 1, 1997 through March 23, 2009. He fears that the Commissioner may choose to revisit the recent decision that found Marmolejo to be disabled beginning on March 23, 2009. For his part, the Commissioner asks that the Court order the ALJ to consider what effect, if any, Marmolejo's subsequent allowance of SSI has on this case.

The Court declines to include either party's request in its remand order. Marmolejo's second case, which appears to be currently pending before the Appeals Council, is not before this Court. The Court has no jurisdiction over it, and has no knowledge of the claims Marmolejo brought or the basis for the ALJ's second decision. As such, there is virtually no information that would allow the Court to make an informed decision as to what the ALJ should, or should not, consider on remand on how the instant case relates to Marmolejo's subsequent award of disability benefits. The Court trusts that the ALJ will properly consider all issues that are relevant to both the instant claim and Marmolejo's subsequent action. If either Marmolejo's or the Commissioner's request has merit, the Court has no doubt that the ALJ's expertise is more than sufficient to address the parties' various concerns on remand.

Accordingly, the ALJ is instructed on remand to: (1) update the treatment evaudience on Marmolejo's medical condition; (2) if warranted, obtain evidence from a medical expert to clarify the nature and severity of his impairments; (3) re-evaluate Marmolejo's drug and alcohol abuse in accordance with the regulations; (4) assess his credibility, using the factors set forth in SSR 96-7p; (5) evaluate the opinion evidence of all the medical experts in this record and

provide sufficient reasons for the weights given; (6) further consider Marmolejo's RFC on the updated record, complking with all the requirements of SSR 96-8p, including consideration of the combined effects of all Marmolejo's impairments, both severe and non-severe; (7) further consider whether he has past relevant work he could perform with the limitations established by the evidence; and, (8) as appropriate, secure supplemental evidence from the vocational expert to clarify the effect of the assessed limitations on Marmolejo's occupational base.

For these reasons, the Commissioner's motion [22] is granted, and Marmolejo's motion [14] is denied as moot. This case is reversed and remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) and the stipulation of the parties.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** May 7 , 2012.